```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
EZAZ KABIR CHOWDHURY,         :
                              :
        Petitioner,           :    Civ. No. 17-3491 (NLH)
                              :
    v.                        :    OPINION
                              :
KIMBA M. WOOD,                :
                              :
        Respondent.           :
_____:

APPEARANCES:
Ezaz Kabir Chowdhury
8780 202nd Street
Hollis, NY 11423
    Petitioner <u>Pro</u> <u>se</u>

<u>HILLMAN, District Judge</u>

Petitioner Ezaz Kabir Chowdhury files this writ of habeas corpus under 28 U.S.C. § 2241, arguing that since he was "kidnapped" on February 10, 2011, he has been "liv[ing] in involuntary servitude performance and labor under terror and fear for his own and his Family's life and safety inside private secret captivity under and with N.Y.'s incarcerated enemy and criminal Aliens." (Pet. ¶ 14.)

**Venue and Respondent**

Petitioner alleges that he is being held at the "Joint Base McGuire-Dix-Lakehurst in Trenton, New Jersey." However, he lists his address as 8780 202nd Street in Hollis, New York and

the envelope in which he submitted his Petition is postmarked from Hollis, New York. In the Petition, he states that he is being held with "N.Y.'s incarcerated enemy and criminal Aliens," also suggesting that he is not in fact being held at Fort Dix. Finally, he names "Kimba M. Wood" and the State of New York as respondents. The Honorable Kimba M. Wood, U.S.D.J. is a district court judge in the Southern District of New York. See http://www.nysd.uscourts.gov/judge/Wood. As such, the named respondents again suggest that Petitioner is not being held in New Jersey.

To the extent he is being held in New York, and not New Jersey, he must file his Petition in the proper district court there. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") He must also name the warden of the facility where he is being held as respondent. Id.; see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

**Filing Fee**

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for

filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.1  To the extent Petitioner is being held at Fort Dix,

---

1 Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was

3

Petitioner will be granted leave to apply to re-open within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis and also submitting an amended petition with the proper respondent. To the extent Petitioner is being held in New York, he must file a petition in the proper district court there. An appropriate Order will be entered.


Dated: May 22, 2017            s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).