```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                                   :
EZAZ KABIR CHOWDHURY,              :
                                   :
         Petitioner,               :   Civ. No. 17-3491 (NLH)
                                   :
    v.                             :   OPINION
                                   :
KIMBA M. WOOD, STATE OF NEW        :
YORK, ATTORNEY GENERAL OF          :
NEW JERSEY,                        :
                                   :
         Respondents.              :
_____:
```

APPEARANCES:
Ezaz Kabir Chowdhury, No. 31258-054
USP Canaan
3057 Easton Turnpike
Waymart, PA 18472
     Petitioner Pro se

Caroline A. Sadlowski
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
     Counsel for Respondents

HILLMAN, District Judge

    Petitioner Ezaz Kabir Chowdhury, a prisoner presently confined at the United States Penitentiary at Canaan, in Waymart, Pennsylvania, brings this action pursuant to 28 U.S.C. § 2241 to challenge the legality of his conviction. ECF No. 4-2, Am. Pet. Respondent has moved to dismiss the Amended Petition for lack of jurisdiction. ECF No. 10. For the reasons that follow, the Court will grant the Motion and dismiss the Petition without prejudice.

BACKGROUND

Petitioner filed the present Amended Petition for a Writ of Habeas Corpus seeking relief under 28 U.S.C. § 2241. He appears to challenge the legality of his underlying criminal conviction from the U.S. District Court for the Southern District of New York. See ECF No. 4-2, Am. Pet.

On February 7, 2011, Petitioner was charged by a now unsealed indictment of various crimes related to credit card and bank fraud in the Southern District of New York. See No. 11-cr-108, ECF No. 1 (S.D.N.Y.). A notation on the docket of his criminal case indicates that Petitioner was arrested on February 10, 2011, and also had his initial appearance on that date with a detention hearing scheduled for February 15, 2011. See No. 11-cr-108, Docket Notation dated Feb. 10, 2011 (S.D.N.Y.). On June 10, 2011, Petitioner pled guilty to two counts of the indictment and detention continued to be detained. On January 15, 2013, Petitioner was sentenced to 108 months' imprisonment. See No. 11-cr-108, ECF No. 222 (judgment of conviction) (S.D.N.Y.). According to the Federal Bureau of Prison's inmate locator, available at https://www.bop.gov/inmateloc/, the Petitioner is set to be released on January 18, 2019.

Petitioner filed a direct appeal of his conviction with the U.S. Court of Appeals for the Second Circuit, which affirmed his judgment of conviction on December 2, 2014. See No. 11-cr-108,

ECF No. 266, Mandate (S.D.N.Y.). It does not appear that Petitioner filed a petition for writ of certiorari with the Supreme Court of the United States. See generally No. 13-555 (2d Cir.). Thereafter, on July 6, 2015, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York, alleging ineffective assistance of counsel and challenging whether his guilty plea was voluntary and knowingly entered into in light of the alleged ineffective assistance of counsel. See No. 15-cv-5494, ECF No. 1 (S.D.N.Y.). That motion was ultimately denied by order dated February 24, 2017, in which the court determined that his counsel was not ineffective and his guilty plea was knowing and voluntary; thus, the appellate and collateral attack waivers were enforceable. See No. 15-cv-5495, ECF No. 13 (S.D.N.Y.). Petitioner sought a certificate of appealability from the Second Circuit, which certificate was denied. See No. 17-1370, ECF No. 58, Mandate (2d Cir.).

In his Amended Petition, Petitioner alleges that on February 10, 2011, agents from Immigration and Customs Enforcement ("ICE") "kidnapped" him from John F. Kennedy International Airport in Queens, New York. See ECF No. 4-2 at 4-5. Petitioner alleges that he was then taken before U.S. District Judge Kimba M. Wood in the Southern District of New York, who issued "an oral Order commanding petitioner be held

3

permanent by the Kidnappers." Id. at 7. Petitioner contends that since February 10, 2011, he has been held "under the absolute command and personal pleasure of stranger Kimba M. Wood in forced subjugation to involuntary servitude labor and performance." Id. In addition, the Petitioner also alleges that on the day he was kidnapped, certain of his possessions were taken from him such as his driver's license, credit cards, and his passport, none of which have been returned. Id. at 5. Finally, Petitioner states that he has learned from recent investigative news reports that there have been several state police kidnappings and criminal prosecutions of American citizens by private individuals pretending to be members of the United States Attorney's Office or federal officers. Id. at 8. As for his requested relief, the Petitioner seeks proof of the legality of his imprisonment and, if such proof does not exist, to be released. See ECF No. 4-2 at 9.

The Respondent filed a Motion to Dismiss the Petition on arguing that the Court lacks jurisdiction over the petition, because a challenge to the legality of his conviction may only be brought pursuant to a § 2255 motion. See ECF No. 10. Petitioner did not file an opposition.

STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

4

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. § 2243.

DISCUSSION

Given the allegations raised in the Petition, the Court construes the Petition as challenging the legality of Petitioner's conviction.[1] As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d

---

[1] To the extent that Petitioner's references to seized property, the deprivation of his liberty, and involuntary servitude prior to his conviction are intended to raise claims for violations of Petitioner's Fourth, Fifth, and Eighth Amendment rights, Petitioner must raise such claims by filing a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), in the district in which those alleged violations occurred. The Court expresses no opinion as to whether such claims are viable.

5

Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve when "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The Third Circuit emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping

6

requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

The Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  Further, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Amended Petition if, and only if,

Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception because Petitioner had an opportunity to seek judicial review of the legality of his conviction in his § 2255 Motion. Further, Petitioner does not allege or argue that his Amended Petition should come within the Dorsainvil exception.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since he has previously filed a § 2255 motion, Petitioner would need to seek permission from the Second Circuit to file a second and successive motion. Any successive § 2255 motion would appear to be time-barred given the date of Petitioner's conviction. The Court thus finds that it is not in the interests of justice to transfer this habeas Petition. Petitioner is free to file a request for a second

motion to vacate, set aside, or correct sentence pursuant to § 2255 in the Second Circuit.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted and the Petition will be dismissed without prejudice for lack of jurisdiction.[2] An appropriate Order follows.

Dated: June 22, 2018　　　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[2] As the Third Circuit noted in Henry, a dismissal without prejudice of a § 2241 petition will not prevent the Petitioner from appropriately challenging his detention if the circumstances warrant it in the future. Henry, 317 F. App'x at 179-80.